Mary Jo O'Neill, AZ Bar #005924
James Driscoll-MacEachron, AZ Bar #027828
Gina E. Carrillo, AZ Bar #030579
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5043
Fax: (602) 640-5009
Email: mary.oneill@eeoc.gov
       james.driscoll-maceachron@eeoc.gov
       gina.carrillo@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | (JURY TRIAL DEMANDED) |
| FRANCISCO'S FINE FOODS LLC d/b/a MARISCOS ALTATA, an Arizona corporation, | |
| Defendant. | |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended ("ADEA") against the Defendant, Francisco's Fine Foods d/b/a Mariscos Altata ("Mariscos") to 1) correct unlawful sex-based employment practices, 2) correct unlawful age-based employment practices, 3) correct unlawful retaliation against employees for complaining about discrimination, and 4) provide appropriate relief to Yolanda Valenzuela, Marcela Flores Anaya, Azhaela Villela, Angelica Escarcega, and similarly aggrieved female employees who were affected by such unlawful practices. The Equal Employment Opportunity

Commission ("EEOC" or "Commission") alleges that Mariscos has engaged in sex discrimination against female employees by subjecting them to severe and pervasive sexual harassment and by creating and maintaining a hostile work environment because of their sex (female), in continuing violation of Title VII.  The EEOC further alleges that Mariscos has engaged in unlawful discrimination on the basis of age against Marcela Flores Anaya by subjecting her to a hostile work environment because of her age in violation of the ADEA.  The EEOC further alleges that Mariscos engaged in unlawful discrimination by retaliating against Valenzuela, Flores, Villela, Escarcega, and similarly aggrieved female employees by firing them or forcing them to constructively discharge because they opposed practices made unlawful by Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  This action is further authorized and instituted pursuant to Section 7(b) of the ADEA, as amended, 29 U.S.C. § 626(b) which incorporates by references Sections 16(c) and 17 of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. The EEOC is further charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan

No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 State. 2705.

5. At all relevant times, Defendant Mariscos continuously did business in the State of Arizona, City of Phoenix and continuously had at least 20 employees.

6. At all relevant times, Mariscos has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

7. At all relevant times, Mariscos has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §§ 630(b).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Yolanda Valenzuela, Marcela Flores Anaya, Azhaela Villela, and Angelica Escarcega filed charges with the Commission alleging violations of Title VII by Mariscos.

9. More than thirty days prior to the institution of this lawsuit, Marcela Flores Anaya filed a charge with the Commission alleging violations of the ADEA by Mariscos.

10. The EEOC provided Mariscos with notice of the charges of discrimination.

11. The EEOC investigated the charges of discrimination and issued determinations finding reasonable cause to believe that Mariscos engaged in unlawful employment practices prohibited by Title VII and the ADEA.

12. The Commission invited Mariscos to join it in informal methods of conference, conciliation, and persuasion in an attempt to eliminate and remedy the alleged unlawful employment practices.

13. The Commission was unable to reach an agreement acceptable to the Commission through the conciliation process with Mariscos.

14. The Commission sent notice to Mariscos that conciliation had failed.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

# STATEMENT OF CLAIMS
# FIRST CLAIM FOR RELIEF
### [Sex-Based Hostile Work Environment – 42 U.S.C. § 2000e-2(a)]

16. From at least February 2011 through the present, Mariscos has engaged in unlawful employment practices at their Phoenix, Arizona facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Valenzuela, Villela, Escarcega, Flores, and other aggrieved women to severe or pervasive unwelcome and offensive sexual harassment constituting a hostile work environment because of their sex, female.

17. Mariscos hired Yolanda Valenzuela as a waitress in approximately February 2011.

18. Mariscos hired Azhaela Villela as a waitress in approximately April 2014.

19. Mariscos hired Angelica Escarcega as a waitress in approximately March 2014.

20. Mariscos hired Marcela Flores Anaya as a waitress in approximately May 2014.

21. Valenzuela, Villela, Escarcega, and Flores all performed their job duties satisfactorily during the course of their employment with Mariscos.

22. Upon information and belief, Manuel Zombrano was and is the owner of Mariscos from at least February 2011 to the present.

23. Manuel Zombrano was and is a manager at Mariscos from at least February 2011 to the present.

24. During the course of their employment, Mariscos regularly subjected Valenzuela, Villela, Escarcega, Flores, and other female employees to severe or pervasive unwelcome and offensive sexual harassment, and by creating and maintaining a hostile work environment because of their sex, female.

25. Examples of the hostile work environment described in Paragraph 24 include, but are not limited to, the following:

   a. Zombrano offered Valenzuela money to go to dinner with him.
   b. Zombrano made unwelcome and offensive comments about Valenzuela's appearance.
   c. Zombrano repeatedly made unwelcome physical contact with Valenzuela, including grabbing her and kissing her against her will.
   d. Zombrano made unwelcome and offensive comments to Villela.
   e. Zombrano made unwelcome and egregiously offensive physical contact with Villela, including grabbing her, fondling her, and touching her in inappropriate ways.
   f. Zombrano made unwelcome and offensive requests for sex to Villela and threatened to fire her if she did not submit.
   g. Zombrano made unwelcome and offensive sexual comments about Escarcega's physical appearance.
   h. Zombrano made unwelcome and offensive physical contact with Escarcega, including touching her inappropriately on numerous occasions.
   i. Zombrano made unwelcome and offensive requests for sex to Escarcega and said he would pay her bills if she accepted.
   j. Zombrano made repeated and unwelcome requests for Flores's phone number.
   k. Zombrano repeatedly made unwelcome and egregiously offensive physical contact with Flores, including touching her and fondling her beneath her clothing against her will.
   l. Valenzuela, Villela, Escarcega, and Flores were aware that Zombrano made unwelcome sexual comments to other waitresses and that Zombrano grabbed and inappropriately touched other waitresses against their will.

26. After Valenzuela refused Zombrano's sexual advances, Zombrano also

started yelling at her at work, calling her worthless.

27. On or about August 11, 2013, Valenzuela was fired for refusing Zombrano's sexual advances.

28. Villela refused the sexual demands of Zombrano in January 2015.

29. When Villela refused to see him outside of work, Zombrano threatened her by asking her if she wanted the same thing to happen to her that happened to her friends.

30. Villela constructively discharged on or about January 18, 2015 because she could no longer reasonably tolerate the threatening and sexually harassing behavior of Zombrano.

31. Because Escarcega refused the sexual advances of Zombrano, she was fired on or about January 7, 2015.

32. Because Flores refused the sexual advances of Zombrano, she was fired on or about January 7, 2015.

33. Zombrano harassed Valenzuela, Villela, Escarcega, and Flores while he was Mariscos's owner and/or manager.

34. The harassment of Valenzuela, Villela, Escarcega, Flores, and other female employees occurred as frequently as several times per week through the relevant period, and was done in such an open and notorious manner that Mariscos also knew or should have known that they were being subjected to a hostile work environment because of their sex, female.

35. Mariscos knew or should have known about the harassing comments and conduct described above due to open and notorious nature of the conduct.

36. Despite this knowledge, Mariscos failed to stop the harassing conduct.

37. Mariscos failed, and continues to fail, to take prompt or effective action to prevent, correct, or remedy the hostile work environment.

38. Mariscos has not taken reasonable care to correct any of the sexually harassing behavior.

39. Mariscos has not taken reasonable care to prevent any future sexually

harassing behavior.

40. The Charging Parties and other aggrieved women were unable to complain to anyone about the hostile work environment they were subjected to in the foregoing paragraphs because Zombrano was the owner and/or manager, and they were afraid they would lose their jobs if they complained.

41. The effect of the practices complained of in the foregoing paragraphs has been to deprive Valenzuela, Villela, Escarcega, Flores, and other aggrieved women of equal employment opportunities and otherwise adversely affect their status as employees because of sex.

42. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

43. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or reckless indifference to Valenzuela's, Villela's, Escarcega's, Flores's, and other aggrieved women's federally protected rights.

## SECOND CLAIM FOR RELIEF

**[Age-Based Hostile Work Environment – 29 U.S.C. § 623(A)(1)]**

44. From at least May 2014 through at least January 2015, Marsicos engaged in unlawful employment practices at their Phoenix, Arizona facility in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1) by subjecting Flores to harassment constituting a hostile work environment because of her age.

45. During the course of her employment, Mariscos regularly subjected Flores to a hostile work environment because of her age.

46. Examples of the hostile work environment described in Paragraph 45 includes, but is not limited to, the following:

    a. Zombrano asking Flores in front of a group of coworkers to tell people how old she was and that they were taking bets on it.

    b. Zombrano told Flores that even though she was old, her butt could still handle it.

      c. Zombrano would tell other employees when Flores was and was not present that she was a worthless old lady.

47. Zombrano harassed Flores while he was Mariscos's owner and/or manager.

48. Mariscos also knew or should have known about the harassing comments described above due to open and notorious nature of the conduct.

49. Despite this knowledge, Mariscos failed to stop the harassing conduct.

50. Mariscos failed to take prompt or effective action to prevent, correct, or remedy the hostile work environment.

51. The effect of the practices complained of in the foregoing paragraphs has been to deprive Flores of equal employment opportunities and otherwise adversely affect her status as employees because of her age.

52. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

53. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or reckless indifference to Flores's federally protected rights.

### THIRD CLAIM FOR RELIEF

### [Retaliation – 42 U.S.C. § 2000e-3(a)]

54. Since at least August 2013, Mariscos engaged in unlawful employment practices at their Phoenix, Arizona facility in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Valenzuela, Villela, Escarcega, Flores, and other aggrieved women because they opposed an unlawful employment practice.

55. Mariscos fired or constructively discharged Valenzuela, Villela, Escarcega, Flores, and other aggrieved women because they opposed the sex-based harassment perpetrated by Manuel Zombrano.

56. The allegations contained in paragraphs 16-43 are incorporated herein by reference.

57. The effect of the practices complained of above has been to deprive

Valenzuela, Villela, Escarcega, Flores, and other aggrieved women of equal employment opportunities, and otherwise adversely affect their status as employees, in retaliation for engaging in protected conduct.

58. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

59. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or reckless indifference to the federally protected rights of the Charging Parties and other aggrieved women.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Mariscos, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any unlawful practice which discriminates against an employee or applicant because of their sex, female.

B. Grant a permanent injunction enjoining Mariscos, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any unlawful practice which discriminates against an employee or applicant because of their age.

C. Grant a permanent injunction enjoining Mariscos, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any unlawful practice which retaliates against any employee for participating in federally protected activity, including refusing to comply with sexual advances.

D. Order Mariscos to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of sex and age and which eradicates the effects of their past and present unlawful employment practices.

E. Order Mariscos to make the Charging Parties and other aggrieved women whole by providing compensation for past and future pecuniary losses resulting from the

unlawful employment practices described in paragraphs 16 through 59 above, including job search expenses and backpay, in amounts to be determined at trial.

     F.     Order Mariscos to make the Charging Parties and other aggrieved women whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 16 through 59 above, including emotional pain, suffering, mental anguish, inconvenience, and humiliation, in amounts to be determined at trial.

     G.     Order Mariscos to pay the Charging Parties and other aggrieved individuals punitive damages for its malicious or recklessly indifferent conduct described in paragraphs 16 through 59 above, in amounts to be determined at trial.

     H.     Grant such further relief as this Court deems necessary and proper in the public interest.

     I.     Award the EEOC its costs of this action.

## **JURY TRIAL DEMANDED**

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED this 30th day of March, 2017.

          MARY JO O'NEILL
          Regional Attorney

          JAMES DRISCOLL-MACEACHRON
          Supervisory Trial Attorney

          */s/ Gina E. Carrillo*
          GINA E. CARRILLO
          Trial Attorney

          EQUAL EMPLOYMENT
          OPPORTUNITY COMMISSION
          Phoenix District Office
          3300 N. Central Ave., Suite 690
          Phoenix, AZ 85012

Attorneys for Plaintiff